UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AJAX GAMING VENTURES, LLC and THE TOWN OF JOHNSTON, Plaintiffs | : | |
| vs. | : | 06-cv-00336-S |
| MATTHEW BROWN, in his capacity as SECRETARY OF STATE for the STATE OF RHODE ISLAND, Defendant | : | |

## JOINT MOTION TO INTERVENE

Pursuant to FED. R. CIV. PRO. 24, the Narragansett Indian Tribe and Harrah's Operating Company, Inc., jointly move to intervene as party defendants in this action. The grounds for this motion are fully set forth in the accompanying memorandum, but may be succinctly summarized as follows:

1. The Tribe and Harrah's have filed a timely application for intervention; shown a sufficient interest in the underlying suit; demonstrated that the disposition of this suit will likely impair or impede their ability to protect that interest; and shown that the existing parties may inadequately represent the interest of the Tribe and Harrah's. So intervention as of right is appropriate. *See* FED. R. CIV. PRO. 24(a)(2).

2. In addition to meeting the requirements for intervention as of right, the Tribe and Harrah's have also satisfied the conditions for permissive intervention under FED. RULE CIV. PRO. 24(b)(2): they have made a timely application; they will raise defenses that have questions of law in common with the underlying action; and their intervention will not delay or

prejudice the adjudication of the original parties' rights. So, if intervention as of right is not granted, permissive intervention is appropriate.

Wherefore, the Tribe and Harrah's jointly and respectfully request that the Court grant their motion to intervene.

Narragansett Indian Tribe

By its attorney,

John F. Killoy Jr by le

**John F. Killoy, Jr. #3761**
74 Main Street
Wakefield, RI 02879
Tel: (401) 783-6840
Fax: (401) 782-2490
*j.killoy@verizon.net*

Harrah's Operating Company, Inc.

By its attorneys,

**JONES ASSOCIATES**
72 South Main Street
Providence, RI 02903
Tel: (401) 274-4446
Fax: (401) 274-2805

Lauren E. Jones # 2141
*ljones@appeallaw.com*

**CERTIFICATION**

On 7/24/06 a true copy of the foregoing was served on all counsel of record and others, listed below, by fax & mail.

Preston W. Halperin, Esq.
Douglas A. Giron, Esq.
**Shectman Halperin Savage, LLP**
1080 Main Street
Pawtucket, RI 02860

Joseph Avanzato, Esq.
James A. Hall, Esq.
**Adler Pollock & Sheehan PC**
800 One Citizens Plaza
Providence RI 02903-1345

Patrick J. Lynch, Attorney General
**Office of the Attorney General**
150 South Main Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AJAX GAMING VENTURES, LLC and THE TOWN OF JOHNSTON, Plaintiffs | : | |
| vs. | : | 06-cv-00336-S |
| MATTHEW BROWN, in his capacity as SECRETARY OF STATE for the STATE OF RHODE ISLAND, Defendant | : | |

# JOINT MEMORANDUM OF LAW
# IN SUPPORT OF JOINT MOTION TO INTERVENE

## INTRODUCTION

Desperate to achieve a victory that has so far eluded them in the legislative arena, Ajax Gaming Ventures, LLC, and the Town of Johnston temerariously implore this *Federal* Court to implode a *state* constitutional-amendment process set in motion months ago that's designed to let the people decide whether there should be a privately owned and operated resort casino in the Town of West Warwick "operated in association with the Narragansett Indian Tribe, with tax proceeds from the casino being dedicated to property relief."[1] Hoping to give an aura of plausibility to their eleventh-hour plea to enjoin this democratic process,[2] the anti-amendment cohorts have cherry-picked a couple of out-of-state cases that suggest that state courts may strike

1. *See* Joint Resolution 06-H-7935.

2. "Eleventh-hour," because, despite the Joint Resolution's passage on June 1, 2006, the anti-amendment plaintiffs sprung their complaint a paltry *nineteen days* before the Secretary of State is required to certify questions for the next general election — giving their opponents precious little time to prepare opposition memos to assist the Court in resolving this matter.

an obviously unconstitutional proposed amendment from a ballot.[3] But they've failed to tell this Court what the Rhode Island Supreme Court stressed mere days ago in refusing the Governor's request to assay the constitutionality of the contemplated amendment — namely, that "neither the executive nor judicial branches of government may interfere with the process of proposing a constitutional amendment."[4] Undeterred, the anti-amendment allies invite this *Federal* Court to do something the *state's* highest court wouldn't do — scuttle a *state* constitutional-amendment process. Since their request raises troubling abstention and comity concerns, this Court ought to reject their invitation.

Not only have the anti-amendment protagonists offered a deaf ear to the supreme court's counsel — they've also turned a blind eye toward the surfeit of caselaw that hews to the majority view that pre-election review of a proposed amendment's constitutionality is taboo.[5] And, piling error on error, they've disregarded bedrock standing principles (*e.g.*, that municipalities lack standing to press the type of constitutional challenges raised here against the state[6]), hawked an equal-protection theory *disproved* by the caselaw, and promoted a First Amendment thesis mentioned in a district court case — without telling the Court that the case got *reversed* on appeal.[7] Given these failings, this Court ought to dismiss their case in due course.

---

3. *See* Pls.' Mem. in Supp. of T.R.O. and Preliminary Inj. [Pls.' Mem.] at 3.

4. *In re Advisory Opinion to the Governor (Casino III)*, No 06-201-M.P., at 3 (R.I. Sup. Ct. July 13, 2006).

5. *See generally*, *e.g.*, JAMES D. GORDON III AND DAVID B. MAGLEBY, PRE-ELECTION JUDICIAL REVIEW OF INITIATIVES AND REFERENDUMS, 64 NOTRE DAME L. REV. 298, 305-06 (1989) [PRE-ELECTION JUDICIAL REVIEW].

6. *See*, *e.g.*, *Williams v. Mayor & City Counsel of Baltimore*, 289 U.S. 36, 40, 53 S. Ct. 431, 432 (1933).

7. *See Citizens for Equal Protection, Inc. v. Bruning*, 368 F. Supp. 2d 980 ( D. Neb. 2005) (discussed in Pls.' Mem. at 18), *rev'd* 2006 U.S. App. LEXIS 17723 (8th Cir. July 14, 2006).

In any event, because the Narragansett Indian Tribe and its partner, Harrah's Operating Company, Inc., satisfy the requirements of FED. R. CIV. PRO. 24(a) and (b), they move for intervention — as of right or, alternatively, permissibly — so they can mount a defense against the theories spun by the anti-amendment plaintiffs, as contemplated by the Rule.

## ARGUMENT

### I. The Tribe and Harrah's are entitled to intervene as of right per Rule 24(a).

Parties seeking to intervene under Rule 24(a) must fulfill the following essentials: (1) a timely motion; (2) a suitable interest at stake in the suit; (3) a sufficient showing that the disposition of the suit threatens to impair or impede their ability to protect their interest; and (4) a satisfactory showing that existing parties may not adequately represent their interest. *See* FED. R. CIV. PRO. 24(a)(2). The Tribe and Harrah's meet these preconditions.

#### A. The Tribe and Harrah's have filed a timely application for intervention.

Moving quickly to assert their rights and to satisfy Rule 24(a)'s edicts, the Tribe and Harrah's have filed their motion less than a week after the anti-amendment plaintiffs filed suit. And, given their promptness, the timing of the intervention won't prejudice the anti-amendment allies one bit. So the motion is timely. *Cf. Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1231-34 (1st Cir. 1992) (profiling the factors courts consider in determining the timeliness of a proposed intervention).

#### B. The Tribe and Harrah's have a sufficient interest in the subject litigation.

The Joint Resolution and the proposed constitutional amendment specifically mention the Tribe "and its chosen partner." The anti-amendment allies repeatedly refer to the Tribe and

Harrah's in their pleadings. *See, e.g.*, Verified Compl., ¶¶ 19, 44-46. Consistent with the Rule's "broad right of intervention," the Tribe and Harrah's claim a protectable interest within the purview of the provision. *See Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*, 100 F.3d 837, 841 (10th Cir. 1996); *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (stressing that courts subscribe to a "rather expansive notion of the interest sufficient to invoke intervention of right"); *cf. Conservation Law Fund, Inc. v. Mosbacher*, 966 F.2d 39, 42 (1st Cir. 1992) (while the First Circuit hasn't picked a precise standard for determining a sufficiently protectable interest, "it may well be * * * that this is a question not worth answering") (quotations omitted)).

**C. The ability of the Tribe and Harrah's to protect their interest may be impaired if they're not permitted to intervene.**

The impairment prong of the test only requires a hypothetical showing: movants need not prove that an "impairment will inevitably ensue from an unfavorable disposition." *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991). Rather, as the Rule states, movants need only show that the disposition "may" impede their ability to protect their interest. *Id.* Here, it's nose-on-the-face plain that the disposition of the anti-amendment partners' declaratory and injunctive-relief suit will likely affect the interest of the Tribe and Harrah's. *See* FED. R. CIV. PRO. advisory committee notes (emphasizing that "[i]f an absentee would be substantially affected in a practical sense by the determination made in the action, he should, as a general rule, be entitled to intervene * * *").

**D. The existing parties may not adequately represent the interest of the Tribe and Harrah's.**

The anti-amendment allies served their pleadings on the Rhode Island Attorney General,

because the AG is statutorily required to defend. *See* R.I. GEN. LAWS § 42-9-6. But the AG's publicly challenging the constitutionality of the proposed amendment — prominently aligning himself with the Governor in the failed crusade to have the Rhode Island Supreme Court disrupt the constitutional amendment process[8] — shows (at the very least) that the AG "may" inadequately represent the interest of the Tribe and Harrah's. *Cf. generally Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (emphasizing that "the burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate") (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 636 n.10 (1972)).

If more were needed — and it is not — courts can also consider whether the existing parties will "make all of the intervenor's arguments." *Id.* at 824. Given the frailties of the anti-amendment partisans' positions, the Tribe and Harrah's can marshall a plethora of winning counter-arguments — which the AG may not make. Here's but a small sampling:

1. In asking this *federal* court to scuttle a *state* constitutional-amendment process, the anti-amendment plaintiffs run head-long into a profusion of cases (which they've neglected to discuss) holding that "pre-election review of a measure's substantive validity" is improper. *See generally*, *e.g.*, PRE-ELECTION JUDICIAL REVIEW, 64 NOTRE DAME L. REV. at 305-06 89 (stressing, among other things, that pre-election judicial review of this sort "involves issuing an advisory opinion, violates ripeness requirements and the policy of avoiding unnecessary constitutional questions, and is an unwarranted judicial intrusion" in the democratic process).

8. *See*, *e.g.*, Katherine Gregg & Elizabeth Gudrais, *Carcieri asks court's opinion on casino ballot question*, PROVIDENCE JOURNAL, July 11, 2006, *available at* www.projo.com/news/content/projo_20060711_advise11.17e5f43.html.

2. They've elided basic rules of standing — *e.g.*, that municipalities lack standing to assert the type of constitutional attacks unleashed here against the state. *See, e.g.*, *Williams*, 289 U.S. at 40, 53 S. Ct. at 432 (holding that a municipality has "no privileges or immunities under the federal constitution which it may invoke in opposition to the will" of the state).
3. They've sponsored equal-protection theories that have no historical or doctrinal pedigree.
4. And they've pinned their First Amendment hopes on a district court opinion that got *reversed* on appeal — without so much as mentioning that verity in their papers.

Bottom line: given the concatenation of circumstances (timely motion, sufficient interest, likelihood of impairment, and inadequacy of representation), this Court ought to grant the motion of the Tribe and Harrah's to intervene as of right.

## II. Permissive intervention is also proper.

In addition to meeting the requirements of intervention as of right, the Tribe and Harrah's have also met the conditions for permissive intervention. Rule 24(b) provides that a court may grant permissive intervention if "an applicant's claim or defense and the main action have a question of law or fact in common." *See* FED. R. CIV. PRO. 24(b)(2). Of course, a court should "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

As shown above, the Tribe and Harrah's will advance defenses that have common questions of law with the underlying case. Their motion is timely. And their intervention won't prejudice the adjudication of rights of the first litigants. So, if intervention as of right isn't granted, permissive intervention is *apropos*.

## CONCLUSION

For these reasons, the Tribe and Harrah's jointly and respectfully request that the Court grant their motion to intervene.

Narragansett Indian Tribe

By its attorney,

**John F. Killoy, Jr. #3761**
74 Main Street
Wakefield, RI 02879
Tel: (401) 783-6840
Fax: (401) 782-2490
*j.killoy@verizon.net*

Harrah's Operating Company, Inc.

By its attorneys,

**JONES ASSOCIATES**
72 South Main Street
Providence, RI 02903
Tel: (401) 274-4446
Fax: (401) 274-2805

Lauren E. Jones # 2141
*ljones@appeallaw.com*

**CERTIFICATION**

On 7/24/06 a true copy of the foregoing was served on all counsel of record and others, listed below, by fax & mail.

Preston W. Halperin, Esq.
Douglas A. Giron, Esq.
**Shectman Halperin Savage, LLP**
1080 Main Street
Pawtucket, RI 02860

Joseph Avanzato, Esq.
James A. Hall, Esq.
**Adler Pollock & Sheehan PC**
800 One Citizens Plaza
Providence RI 02903-1345

Patrick J. Lynch, Attorney General
**Office of the Attorney General**
150 South Main Street
Providence, RI 02903