**Supreme Court**

No. 2006-201-M.P.

In re Advisory Opinion to the Governor :
(Casino III).

**ORDER**

To His Excellency, Donald L. Carcieri, Governor of the State of Rhode Island and Providence Plantations:

We have received from Your Excellency a letter dated July 10, 2006, in which you have requested our written advisory opinion pursuant to article 10, section 3, of the Rhode Island Constitution. You have asked the Justices of this Supreme Court to consider four questions of law concerning the constitutionality of Joint Resolution 06-H-7935, which passed the General Assembly on June 1, 2006.

Your Excellency asks us:

> "1. Does the Proposed Amendment's unprecedented insertion into the Rhode Island Constitution of a special privilege to a single business entity to run the State's sole privately-operated casino in one municipality to the exclusion of all other persons, entities and municipalities violate "the fundamental right to participate equally in the political process" identified by the United States Supreme Court in Romer v. Evans, 517 U.S. 620, 626 (1996) and its progeny?
>
> "2. Does the Proposed Amendment violate the Equal Protection guarantees of the Rhode Island and United States Constitutions, the First Amendment to the United States Constitution and Article I, section 21 of the Rhode Island Constitution, and the Privileges and Immunities clause of the United States Constitution?
>
> "3. Article XIV, section 1 of the Rhode Island Constitution provides, inter alia, that a proposed constitutional amendment shall



Exhibit C

> be submitted to the voters of the State at a general election and "if then approved by a majority of the electors voting thereon; it shall become part of the Constitution" and Article I, section 1 provides that any change in the Constitution must be "by an explicit and authentic act of the whole people…[.]" The proposed Amendment is only effective "provided that a majority of the electors of the Town of West Warwick have voted to approve this amendment…." Does the ability of the Town to veto the proposed Amendment violate Article XIV, section 1 and Article I, section 1?
>
> "4. Does the proposed Amendment's retroactive and selective repeal of Article VI, section 15 and section 22 violate the executive power of the Governor and the General Assembly's plenary power over lotteries?"

We note at the outset that we take no position on either the merits or the wisdom of the question presented to the voting public by the General Assembly to amend the Rhode Island Constitution to allow for a privately owned and operated casino in West Warwick.

However, because your request is laden with procedural infirmities, we must respectfully decline to entertain it.

## I
## The Request

While article 10, section 3, of the Rhode Island Constitution generally requires this Court to issue advisory opinions "upon any question of law whenever requested by the governor or by either house of the general assembly," this duty is contingent upon certain threshold, jurisdictional requirements. See In re Advisory Opinion to the House of Representatives (Casino II), 885 A.2d 698, 701 (R.I. 2005) (hereinafter Casino II). With respect to requests from the Governor, "we only advise the chief executive in those instances in which the questions propounded have a bearing upon a present constitutional duty awaiting performance by the Governor." In re Advisory Opinion (Chief Justice), 507 A.2d 1316, 1319 (R.I. 1986) (emphasis added); see also In re: Request For Advisory Opinion Regarding House Bill 83-H-5640, 472

A.2d 301, 302 (R.I. 1984). Critically, if our opinion is not constitutionally mandated, we will avoid offering an advisory opinion. In re Advisory Opinion (Chief Justice), 507 A.2d at 1319.

In this situation, Your Excellency is not called upon to perform a present constitutional duty. It is notable that the process of amending the constitution of this State, as set forth in article 14, section 1 of the Rhode Island Constitution, imposes no duty upon the office of Governor; this duty, instead, is shared by the General Assembly and people of the State of Rhode Island. Your Excellency's constitutional duty to implement the provisions of said amendment will not accrue unless and until the proposed amendment is "approved by a majority of the electors" voting "at the next general election." R.I. Const. art. 14, § 1. Therefore, neither the executive nor judicial branches of the government may interfere with the process of proposing a constitutional amendment.

It should also be noted that the context of your request differs significantly from the context of our recent advisory opinions in In re Advisory Opinion to the Governor (Casino), 856 A.2d 320 (R.I. 2004) (hereinafter Casino I), and Casino II, 885 A.2d 698. First, the request that prompted Casino II came from the House of Representatives, and as such we were obligated to issue an opinion because the request concerned pending legislation. Casino II, 885 A.2d at 701 ("'We are constitutionally obligated to give advisory opinions to either House of the General Assembly only when the questions propounded concern the constitutionality of pending legislation'" (quoting Casino I, 856 A.2d at 324)).

Likewise, we see a significant difference between the request made of us in Casino I and the questions presented to us at this time. Unlike the advisory opinion in Casino I, which concerned a statutory enactment, the present request concerns a constitutional amendment that must be voted upon by the people. "A constitutional provision differs from a statute in that it is

part of an organic document and it cannot be altered lightly." Casino II, 885 A.2d at 712 n.15. It is precisely the crucial role of the General Assembly and the people of Rhode Island with respect to a proposed amendment to our Constitution that requires this Court to treat differently, on the one hand, a request for an advisory opinion from the Governor concerning existing legislation (Casino I), and, on the other hand, a request for an advisory opinion related to a proposed constitutional amendment where presently there is no constitutional duty to be performed by Your Excellency. R.I. Const. art. 14, § 1.

**Conclusion**

For the reasons stated, we respectfully decline to entertain Your Excellency's request for an advisory opinion on the proposed amendment to the Rhode Island Constitution set forth in Joint Resolution 06-H-7935. Because, in our opinion, the rationale of this response is so clear, we do not require briefing or oral argument from any of the interested parties.

Respectfully submitted,

S/S

Chief Justice Frank J. Williams

S/S

Justice Francis X. Flaherty

S/S

Justice Paul A. Suttell

S/S

Justice William P. Robinson III

July 13, 2006

Justice Goldberg did not participate.