UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AJAX GAMING VENTURES, LLC and THE TOWN OF JOHNSTON, Plaintiffs | : | |
| vs. | : | 06-cv-336-S |
| MATTHEW BROWN, in his capacity as SECRETARY OF STATE for the STATE OF RHODE ISLAND, THE NARRAGANSETT INDIAN TRIBE, and HARRAH'S WEST WARWICK INVESTMENT COMPANY, LLC, Defendants | : | |

# THE TRIBE AND HARRAH'S REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

Lauren E. Jones # 2141
**JONES ASSOCIATES**
72 South Main Street
Providence, RI 02903
Tel : (401) 274-4446
Fax: (401) 274-2805
*ljones@appeallaw.com*
COUNSEL FOR HARRAH'S WEST WARWICK INVESTMENT COMPANY, LLC

**John F. Killoy, Jr. # 3761**
74 Main Street
Wakefield, RI 02879
Tel : (401) 783-6840
Fax: (401) 782-2490
*j.killoy@verizon.net*
*COUNSEL FOR THE NARRAGANSETT INDIAN TRIBE*

The flotilla of reasons offered by the anti-amendment coalition as to why this *Federal* Court must stop a vote on a proposed *state* constitutional amendment crashes on several shoals:

**1.** Citing earlier advisory opinions, they say that the state supreme court has warned about "waste" and "chaos" caused by placing an unconstitutional casino measure on a ballot, that the court had previously decided pre-election that proposed casino referenda were unconstitutional, and that the court refused to interfere here only because the Governor "had no present constitutional duty to perform." They have tunnel vision. The court opined earlier that a proposed *statute* (not constitutional amendment) infracted the state Constitution's state-operation command — *not* equal-protection or free-speech precepts. But the court stayed its hand here — despite having the power to act even if the Governor doesn't have a present duty, provided there's a question of *great public import*. *In re Advisory Opinion to Governor (R.I. Ethics Comm'n)*, 732 A.2d 55, 59 (R.I. 1999). The court must not have thought that the coalition's alleged concerns rose to that level.

**2.** The general First Circuit rule is *no* intervention. The First Circuit cases the coalition cite to support pre-election intervention aren't apt. *Griffin* and *Rossell-Gonzalez* okayed *post*-election intervention because of voter-disenfranchisement. *Bonas* okayed intervention because a town failed to hold an election, disenfranchising everyone. *Henry* okayed intervention because a party failed to follow proper procedure for getting a bill on the ballot. The facts of these cases don't come within shouting distance of the facts here. Nor do the facts of *Otey*, the 1968 district court rescript the coalition waives as trump card. *Otey* enjoined an election on anti-open housing initiatives in large part because of looming race riots — a concern not raised here.

**3.** The coalition's Political Structure Equal Protection [PSEP] claims elide that PSEP applies when states redo political processes to inflict sharp procedural hardships on minority

interests — something not pertinent here since (1) the proposed amendment doesn't set up new hoops through which other casino hopefuls must jump and (2) plaintiffs aren't members of a racial minority.[1] And their bid to use *Lac Vieux* to bolster their new First-Amendment theory is unavailing: the *Lac Vieux* ordinance had a speech preference *on its face*. The proposed amendment doesn't. And it doesn't punish casino aspirants: there's no monopoly, and others can use the same legislative process Tribe/Harrah's used to advocate for a Rhode Island casino.

**4.** Hoping to dodge the lack-of-municipal-standing rule, the Town cites *San Diego Unified Port Dist.* But later cases held that the doubts alluded to in that case were unfounded.[2] So *San Diego* can't save the Town. And the Town remains under the rule's thumb.

**5.** Plaintiff's irreparable-harm [IH] claim misfires. Their IH theory is tied to their failing to sway legislators to pass their resolution. But they can try again. They allege IH because the "Johnston Purchase Agreement" will expire in January 2007. But keeping this proposed amendment off the ballot won't get them the constitutional amendment they need by that date. So their alleged loss will occur regardless of whether the Secretary puts the proposed amendment on the ballot — meaning their "injury" doesn't flow from the Secretary's action.[3]

---

1. The coalition's reliance on *Romer v. Evans* is misplaced: *Romer* used conventional rationality review, not PSEP principles. And the amendment there was "born of animosity" toward gays and lesbians — making the coalition's invocation of *Romer* meritless.

2. *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). As a fallback, plaintiffs cite cases allowing cities to assert Supremacy Clause claims against the state — a clause not in play here. *See Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 628 (10th Cir. 1998) (noting that a city can't sue when the constitutional proviso "that supplies the basis for the complaint was written to protect individual rights, as opposed to collective or structural rights"). Plaintiffs also cite Justice White's reading of a case he embraced in a dissent from a denial of certiorari, which doesn't control.

3. Also, their IH has to be tied to their free-speech/equal-protection claims. Since those aren't winners, they aren't entitled to a preliminary injunction. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 490-91 (3rd Cir. 2000).

Narragansett Indian Tribe

By its attorney,

John F. Killoy Jr. (rdt)

**John F. Killoy, Jr. # 3761**
74 Main Street
Wakefield, RI 02879
Tel: (401) 783-6840
Fax: (401) 782-2490
*j.killoy@verizon.net*

Harrah's West Warwick Investment Company, LLC
By its attorneys,

**JONES ASSOCIATES**
72 South Main Street
Providence, RI 02903
Tel: (401) 274-4446
Fax: (401) 274-2805

Lauren E. Jones (rdt)

Lauren E. Jones # 2141
*ljones@appeallaw.com*

**CERTIFICATION**

On 8/4/06 a true copy of the foregoing was served on all counsel of record and others, listed below, by mail.

_______________________

Preston W. Halperin, Esq.
Douglas A. Giron, Esq.
**Shectman Halperin Savage, LLP**
1080 Main Street
Pawtucket, RI 02860

Joseph Avanzato, Esq.
James A. Hall, Esq.
**Adler Pollock & Sheehan PC**
800 One Citizens Plaza
Providence, RI 02903-1345

Rebecca J. Partington, Esq.
**Office of the Attorney General**
150 South Main Street
Providence, RI 02903