UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AJAX GAMING VENTURES, LLC, et al., Plaintiffs | : | |
| v. | : | C.A. No. 06-336S |
| MATTHEW BROWN, in his capacity as Secretary of State for the State of Rhode Island, et al., Defendants. | : | |

**DEFENDANTS' MOTION TO STAY THE CASE**
**PENDING THE RESULTS OF THE GENERAL ELECTION**

Defendants Matthew Brown, in his capacity as Secretary of State for the State of Rhode Island, The Narragansett Indian Tribe and Harrah's West Warwick Investment Company, LLC (collectively, "Defendants") hereby move this Court to stay this case pending the results of the general election of November 7, 2006.

In denying Plaintiffs' motion for a preliminary injunction, this Court held that "the dispute is simply not yet ripe for adjudication." Memorandum and Order (August 8, 2006) at 3. Although dismissal of the action is the more common result when a case is not ripe, this Court has held that it has the discretion, in appropriate circumstances, to stay the action instead of dismiss it. In this case, "[i]f the voters reject the proposed constitutional amendment . . . there will be no need for litigation." Id. at 8. Therefore, for the purpose of conserving judicial and litigant resources, Defendants request the Court to stay this case until November 21, 2006, two weeks after the general election.

On numerous occasions over the course of more than a month, Defendants' counsel requested Plaintiffs' counsel to stipulate to the entry of such a stay, or alternatively, to an extension of time to respond to the First Amended Verified Complaint until after the general election. On September 12, 2006, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would not consent to either a stay or the requested extension of time. Therefore, Defendants file this Motion, which is based on the accompanying Memorandum.

Respectfully submitted,

MATTHEW BROWN, in his capacity as
Secretary of State of the State of Rhode Island
By his Attorneys:

*<u>/s/ Joseph Avanzato</u>*
JOSEPH AVANZATO #4774
javanzato@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

HARRAH'S WEST WARWICK
INVESTMENT COMPANY, LLC
By its Attorneys:

*<u>/s/ Lauren E. Jones</u>*
LAUREN E. JONES #2141
ljones@appeallaw.com
JONES ASSOCIATES
72 South Main Street
Providence, RI 02903
Tel: (401) 274-4446
Fax: (401) 274-2805

THE NARRAGANSETT INDIAN TRIBE
By its Attorney:

*<u>/s/ John F. Killoy, Jr.</u>*
JOHN F. KILLOY, JR. #3761
j.killoy@verizon.net
74 Main Street
Wakefield, RI 02879
Tel: (401) 783-6840
Fax: (401) 782-2490

Date: September 18, 2006

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2006, I sent a true copy of the within Defendants' Motion to Stay the Case Pending the Results of the General Election by electronic means (ECF) to the following:

Preston W. Halperin, Esq.
phalperin@shslawri.com
Douglas A. Giron, Esq.
dgiron@shslawri.com
Schectman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860.

*/s/ Joseph Avanzato*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AJAX GAMING VENTURES, LLC, et al., | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No. 06-336S |
| | : | |
| MATTHEW BROWN, in his capacity as Secretary of State for the State of Rhode Island, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY THE CASE PENDING THE RESULTS OF THE GENERAL ELECTION**

Defendants Matthew Brown, in his capacity as Secretary of State for the State of Rhode Island, The Narragansett Indian Tribe and Harrah's West Warwick Investment Company, LLC (collectively, "Defendants") respectfully submit this Memorandum in support of their Motion to Stay the Case Pending the Results of the General Election.

This Court previously held that this "dispute is simply not yet ripe for adjudication." Memorandum and Order (August 8, 2006) at 3. Although dismissal of the action is the more common result when a case is not ripe,[1] this Court has held that it has the discretion, in appropriate circumstances, to stay the action instead of dismissing it.[2] In this case, "[i]f the voters reject the proposed constitutional amendment . . . there will be no need for litigation." Id. at 8. Indeed, this entire case would be rendered moot if the electorate rejects the proposed constitutional amendment (the "Amendment") at the

---

[1] See Ernst & Young v. DEPCO, 862 F. Supp. 709, 717 (D.R.I. 1994), aff'd, 45 F.3d 530 (1st Cir. 1995).

[2] See Pardee v. Consumer Portfolio Servs., Inc., 344 F. Supp. 2d 823, 834-35 (D.R.I. 2004); Terra Nova Ins. Co. v. Distefano, 663 F. Supp. 809, 812-13 (D.R.I. 1987).

general election of November 7, 2006. Therefore, Defendants seek to conserve judicial and litigant resources by avoiding the potentially unnecessary pleadings, briefing and/or argument that would occur if the Court does not enter a stay. Accordingly, Defendants request the Court to stay this case until November 21, 2006, two weeks after the general election.

## I.

## FACTS

Through the Memorandum and Order of August 8, 2006 (the "Decision"), this Court denied Plaintiffs' motion for a preliminary injunction. In so ruling, the Court held that "the dispute is simply not yet ripe for adjudication." See Decision at 3. The Court also stated in its Decision that "[i]f the voters reject the proposed constitutional amendment . . . there will be no need for litigation." Id. at 8. Plaintiffs have not sought appellate review of the Decision. Therefore, it is clear that Plaintiffs' claims cannot be adjudicated until after the general election of November 7, 2006, and even then only if the electorate votes in favor of the Amendment. Thus, Plaintiffs' claims might never be adjudicated.

Given that this entire case could be rendered moot on November 7, 2006, Defendants' counsel have sought to stay all litigation activities prior to the general election for the purpose of conserving both judicial and litigant resources. Indeed, common sense dictates that counsel should avoid unnecessary expenditure of time or resources. In this case, that means staying post-Decision litigation activities, because if the electorate rejects the Amendment, any time and resources expended after the issuance of the Decision will have been wasted.

To achieve their objective of preventing wasted efforts, Defendants' counsel made numerous requests to Plaintiffs' counsel, after the Decision was issued, that Plaintiffs consent to the entry of a stay in this action until after the general election. Simultaneously, Defendants' counsel alternatively requested that Plaintiffs consent to an extension of time to respond to the First Amended Verified Complaint (the "Complaint") until after the general election.

To Defendants' counsel, the merits of their requests appeared self evident. All parties would benefit from avoiding needless expense. If the electorate approved the Amendment, the litigation could proceed expeditiously after the general election. No one's rights would be prejudiced by halting litigation activities until after the vote. Nonetheless, discussions among counsel on Defendants' requests dragged on for more than a month. During the course of those discussions, Plaintiffs consented to extensions of time to respond to the Complaint, through September 15, 2002.

Ultimately, on September 12, 2006, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would not consent to either a stay or the requested extension of time to respond to the Complaint. Given that Plaintiffs' decision was conveyed to Defendants' counsel a mere three days before the deadline for responding to the Complaint, Plaintiffs' counsel advised Defendants' counsel that Plaintiffs would consent to an extension of that deadline to September 22, 2006.

Given Plaintiffs' refusal to agree to either of Defendants' requests, Defendants filed their Motion to Stay this case. Defendants contemporaneously filed two other motions: (1) Defendants' Motion for an Extension of Time to Respond to the Complaint

Pending the Court's Decision on Defendants' Motion to Stay; and (2) Defendants' Motion to Expedite the Court's consideration of their motion for an extension of time.

## II.

## ARGUMENT

This Court has held that this "dispute is simply not yet ripe for adjudication." Decision at 3. Ordinarily, a court would dismiss an action that is not ripe:

> Ripeness is not merely a procedural question; it determines jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.

Ernst & Young v. DEPCO, 862 F. Supp. 709, 717 (D.R.I. 1994) (dismissing action challenging constitutionality of certain provisions in DEPCO statute because claim was not ripe), aff'd, 45 F.3d 530 (1st Cir. 1995) (claim was "not yet ripe for federal judicial review," so "district court's dismissal of . . . complaint for lack of subject matter jurisdiction must be *Affirmed*") (emphasis in original); see Pardee v. Consumer Portfolio Servs., Inc., 344 F. Supp. 2d 823, 834 (D.R.I. 2004) ("it is certain that in most cases lack of ripeness is grounds for dismissal"); see also Gun Owners' Action League, Inc. v. Swift, 284 F.3d 198 (1st Cir. 2002) (affirming district court's dismissal of action challenging constitutionality of state law because claims were not ripe); Lincoln House, Inc. v. Dupre, 903 F.2d 845 (1st Cir. 1990) (affirming district court's dismissal of RICO action but on different basis, namely, that claim was not ripe); Tenoco Oil Co. v. Department of Consumer Affairs, 876 F.2d 1073 (1st Cir. 1989) (vacating district court's injunction because plaintiffs' takings claim was not ripe and must be dismissed).

However, this Court has held that it has the discretion, in appropriate circumstances, to stay the action instead of dismiss it:

> [A] claim may be unripe in the prudential sense . . . without necessarily being constitutionally defective to a degree that it deprives a court of subject matter jurisdiction. In such cases, unripe claims may be stayed rather than dismissed entirely.

Pardee, 344 F. Supp. 2d at 833 (citations omitted). In Pardee, this Court held that the plaintiffs' claims were not ripe because the resolution of those claims was contingent on the outcome of pending litigation in state courts. See id. at 835-39. However, the Court decided to stay, rather than dismiss, the action because of the need to "preserve the practical interests of judicial economy." See id. at 834; see also Colonial Courts Apartment Co. v. Paradis, 780 F. Supp. 88, 91 (D.R.I., 1992) (staying case even though plaintiffs' claims were not ripe); Terra Nova Ins. Co. v. Distefano, 663 F. Supp. 809, 812-13 (D.R.I. 1987) (although plaintiff's claims were not ripe because they were contingent on outcome of pending state litigation, Court stayed action rather than dismiss it).

In this case, "[i]f the voters reject the proposed constitutional amendment . . . there will be no need for litigation." Decision at 8. Therefore, to "preserve the practical interests of judicial economy" and to avoid unnecessary expenditure of the Court's and the litigants' time and resources, Defendants request the Court to exercise its discretion and stay this case until November 21, 2006, two weeks after the general election. Such a stay would prevent unnecessary expenditure of time and resources without prejudicing any of the parties' rights.

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request this Court to stay this action until November 21, 2006, two weeks after the general election.

Respectfully submitted,

MATTHEW BROWN, in his capacity as
Secretary of State of the State of Rhode Island
By his Attorneys:

*/s/ Joseph Avanzato*
JOSEPH AVANZATO #4774
javanzato@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

HARRAH'S WEST WARWICK
INVESTMENT COMPANY, LLC
By its Attorneys:

*/s/ Lauren E. Jones*
LAUREN E. JONES #2141
ljones@appeallaw.com
JONES ASSOCIATES
72 South Main Street
Providence, RI 02903
Tel: (401) 274-4446
Fax: (401) 274-2805

THE NARRAGANSETT INDIAN TRIBE
By its Attorney:

*/s/ John F. Killoy, Jr.*
JOHN F. KILLOY, JR. #3761
j.killoy@verizon.net
74 Main Street
Wakefield, RI 02879
Tel: (401) 783-6840
Fax: (401) 782-2490

Date: September 18, 2006

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2006, I sent a true copy of the within Memorandum in Support of Defendants' Motion to Stay the Case Pending the Results of the General Election by electronic means (ECF) to the following:

Preston W. Halperin, Esq.
phalperin@shslawri.com
Douglas A. Giron, Esq.
dgiron@shslawri.com
Schectman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860.

*/s/ Joseph Avanzato*

*393383_1*